LUTHER O. POLAND *vs*. ALWILDA S. DAVIS AND JAMES B. DAVIS.

Knox.    Opinion February 25, 1908.

*Pleas in Bar.    Prevailing Party.    Costs.*

When in a real action for the recovery of land, the defendant files the plea puis darrien continuance and the plaintiff accepts such plea, the plaintiff is the prevailing party up to the time of filing the plea and is entitled to costs up to that time. After that time the defendant is the prevailing party and is thereafter entitled to costs.

On exceptions by defendants.    Overruled.

Real action to recover certain real estate in the town of Cushing. (See *Poland* v. *Davis, et al.*, ante, 55)    The case fully appears in the opinion.

*Frank B. Miller and Arthur S. Littlefield,* for plaintiff.
*David N. Mortland,* for defendants.

SITTING :    EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, JJ.

SPEAR, J.    The defendants' exceptions state the case.

"Real action, brought to recover the possession of the whole of a parcel of land described in the writ.

"At a former trial, April term, 1904, the general issue was pleaded, at which time a verdict was ordered for the plaintiff, to which ruling the defendants took exception, which exceptions were sustained. Said action was then continued from term to term till the April term, 1907, at which time the action was heard by the court with leave to except. At said trial defendants filed a plea puis darrein continuance. To which plea plaintiff filed a general demurrer which was joined and overruled, and judgment was ordered for the plaintiff ' for his costs up to the date of filing the last plea of defendants,' and judgment was ordered for the defendants, that ' the action be discontinued and for their costs after last plea filed.' To which ruling and judgments, exceptions were filed by both plaintiff and defendants.    Aug. 31, 1907, the following order from the

Law Court was received and filed.   ' Plaintiff's exceptions sustained.   Demurrer sustained.   Plea bad.   Repleader nunc pro tunc awarded on payment of costs since filing the plea.'

"At this term defendants filed a repleader, and paid plaintiff's costs, amounting to $25.43, and judgment was ordered as follows, ' Judgment for plaintiff for his costs up to time of filing last plea in bar which is filed as of April term, 1907, in accordance with mandate of Law Court, judgments for the defendants that the action be discontinued.'   To which ruling and judgment defendants except, and respectfully pray that their exceptions be allowed."

The defendants' exceptions proceed upon the ground that the defendants in the end were the prevailing party, and by the general rule were entitled to costs.   But the rule does not mean that such party shall recover full legal costs from the beginning to the end of every suit.   The course of pleading may, and often does, materially modify the uniformity of the rule.   The present case illustrates an exception.   While in this case, the party finally prevailing is entitled to costs, yet it is only those costs which accumulate after a certain stage of the pleadings, the costs previous to that time having been awarded to the other party, because he has prevailed upon an intervening issue presented by the defendants' plea.   That is, the plaintiff having accepted the plea puis darrein continuance was the prevailing party up to this time and entitled to costs.   The defendant was the prevailing party after this time and entitled to costs thereafter.   We understand this to be precisely in accord with the well established rule in this State.   In *Hilliker* v. *Simpson*, 92 Maine, at page 600, the court say :   "It is a well settled rule of pleading that a plea puis darrein continuance operates as an abandonment of all former pleas, on which no proceedings are afterwards had.   After the filing of such a plea in contemplation of law all previous pleas are stricken from the record and everything is confessed except the matter contested by this plea."

This case settles the effect of this plea in practice and *Leavitt* v. *School District*, 78 Maine, at page 579, determines the effect upon costs :   "In one sense, such a plea may be said to divide the suit into two actions, in the first of which the plaintiff is the prevailing

party and entitled to costs, and in the second of which the defendant is the prevailing party and entitled to costs."

It seems to us that the case at bar fairly comes within the scope of these decisions.

*Exceptions overruled.*